**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARGARET WILDER, in her capacity as Personal Representative of the Estate of Theresa Cameron,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>ARIZONA BOARD OF REGENTS, a public entity; MICHAEL CROW, in his official and individual capacity; WELLINGTON REITER, in his individual capacity; KENNETH BROOKS, in his official and individual capacity; HEMALATA DANDEKAR, in her individual capacity; JOHN AND JANE DOES, I-X, in their official and individual capacities,<br><br>        Defendants - Appellees. | No. 11-16503<br><br>D.C. No. 2:08-cv-01490-ROS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Argued and Submitted February 14, 2013
San Francisco, California

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT and M. SMITH, Circuit Judges, and CARR, District Judge.[**]

Plaintiff-Appellant Margaret Wilder, in her capacity as Personal Representative of the Estate of Theresa Cameron (Cameron), appeals the district court's grant of summary judgment and judgment as a matter of law in favor of Defendants-Appellees on Cameron's claims of race discrimination under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. § 1983, gender discrimination under Title VII, retaliation under Title VII, 42 U.S.C. § 2000e-3, and violation of her constitutional right of due process under the Fourteenth Amendment. We review de novo the district court's grant of summary judgment and judgment as a matter of law, *Moore v. Local Union 569 of the IBEW*, 989 F.2d 1534, 1537 (9th Cir. 1993), and we affirm.

The district court lacked subject matter jurisdiction over Cameron's Title VII gender discrimination claim because Cameron included no allegation of gender discrimination in her administrative charge before the Equal Employment Opportunity Commission (EEOC). *See Lowe v. City of Monrovia*, 775 F.2d 998, 1003–04 (9th Cir. 1985).

---

[**] The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

The district court did not err in finding that Cameron failed to make out a prima facie claim of retaliation because Cameron failed to produce evidence supporting a causal link between her complaints and Defendants' actions. *Manatt v. Bank of Am., NA*, 339 F.3d 792, 800 (9th Cir. 2003).

Applying the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), we find that Cameron failed to present sufficient evidence that Defendants' decision to terminate her was a pretext for racial discrimination. Cameron failed to show that the two Caucasian employees treated more favorably than her were similarly situated, where those employees had not "engage[d] in problematic conduct of comparable seriousness." *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 641 (9th Cir. 2003). Cameron also failed to demonstrate pretext by showing that President Michael Crow put forth inconsistent explanations for her termination, because Cameron's poor classroom performance was noted throughout the termination process, in conjunction with her plagiarism.

Finally, the district court did not err in granting summary judgment on Cameron's due process claim. Cameron asserts that she was dismissed based on poor classroom performance, but that this reason was not explained in the Notice of Dismissal and as a result, she was not given the opportunity to defend against it in the agency hearing or in state court. The district court determined that

3

Cameron's due process claims were barred by res judicata because those claims were, or could have been, raised by Cameron in the state trial court proceedings.

"Under the doctrine of res judicata, a final judgment, entered on the merits in a prior suit involving the same parties or their privies, bars a second suit on the same cause of action and is conclusive as to facts which actually were or could have been decided." *Hall v. Lalli*, 952 P.2d 748, 750 (Ariz. 1997). It appears that Cameron's due process claim could have been raised prior to the conclusion of the state trial court proceedings on March 1, 2010, and the district court was correct in dismissing her claim on the basis of *res judicata*.

Even if the district court erred in finding that Cameron's due process claim could have been raised in the state trial court, her claim fails on the merits. As discussed *supra*, Cameron's poor classroom performance was discussed throughout the termination process, including in the Notice of Dismissal, in conjunction with her plagiarism.

**AFFIRMED.**